```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

MARLON DONYELL LITTLE                                    PLAINTIFF

V.                              CIVIL ACTION NO. 5:23-cv-89-DCB-MTP

BURL CAIN                                                DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Michael Parker's Report and Recommendation ("Report") [ECF No. 11], concerning Marlon Donyell Little ("Petitioner")'s Petition for Writ of Habeas Corpus [ECF No. 1] pursuant to 28 U.S.C. § 2254 and Burl Cain ("Respondent")'s Motion to Dismiss [ECF No. 9] pursuant to 28 U.S.C. § 2244(d). The Report was entered on May 20, 2024, and objections to the Report were due by June 3, 2024. Petitioner filed Objections [ECF No. 12] to the Report [ECF No. 11] and Respondent has filed his Response [ECF No. 13] to the Objections.

Upon examination of the Petitioner's Objections [ECF No. 12] to Judge Parker's Report and Recommendation [ECF No. 11], in conjunction with a comprehensive review of the record and relevant legal authorities, the Court finds that Petitioner's Objections [ECF No. 12] should be overruled, that the Magistrate Judge's Report and Recommendation [ECF No. 11] should be adopted, that the Motion to Dismiss should be granted, and that the Petition [ECF. No.1] should be dismissed with prejudice.

1

I.   Background

Judge Parker recommends that the Court grant Respondent's Motion to dismiss this case with prejudice. [ECF No. 11]. The Magistrate Judge justifies his recommendation because Petitioner untimely filed his habeas corpus petition. Id. at 4. Judge Parker found that the Petitioner failed to demonstrate grounds for additional statutory or equitable tolling under the prevailing circumstances. Moreover, the Court determined that the Petitioner did not proffer new, credible evidence of such a compelling nature as to preclude any reasonable juror from reaching a guilty verdict. Id. at 14.

II.   Discussion

A. Standard of Review

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." United States v. Wilson, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is

2

not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

B. <u>Petitioner Failed to Timely File his Habeas Petition</u>

   a. <u>Statutory and Equitable Tolling</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d). Absent exceptions under 28 U.S.C. § 2244(d)(1)(B)-(D), petitioners must file federal habeas petitions within one year of their conviction's final judgment. This period tolls when a properly filed state post-conviction relief motion pends. See <u>Cantu-Tzin v. Johnson</u>, 162 F.3d 295, 299 (5th Cir. 1998), <u>cert denied</u>, 199 S. Ct. 847 (1999).

Courts may equitably toll AEDPA's limitations period if a petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted). The Fifth Circuit emphasizes that equitable tolling applies only in rare and exceptional circumstances. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000).

The Mississippi Supreme Court affirmed Petitioner's conviction on October 12, 2017, and subsequently denied his Motion for Rehearing on January 25, 2018. [ECF No. 10-9] at 2. As

4

Petitioner elected not to file a petition for writ of certiorari with the United States Supreme Court, his judgment attained finality on April 25, 2018. Consequently, barring any statutory or equitable tolling, Petitioner's window to file a timely federal habeas petition with this Court extended one year from April 25, 2018, to April 25, 2019.

The statutory tolling provision in Section 2244(d) stipulates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In the case at hand, the limitations period was tolled for 385 days, commencing from Petitioner's filing of his post-conviction relief motion on April 25, 2018,[1] until the Mississippi Supreme Court denied the Motion for Rehearing on May 15, 2019. [ECF No. 10-10] at 4-40. This tolling extended Petitioner's deadline to file his Petition to May 14, 2020, absent any grounds for equitable tolling.

The application of equitable tolling to the statute of limitations hinges on the unique facts and circumstances of each case. Courts have consistently held that such tolling is reserved

---

[1] The Mississippi Supreme Court denied the PCR motion on January 11, 2019. [ECF No. 11] at 4-5.

5

for "rare and exceptional circumstances." Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (quotation omitted). Moreover, the Court retains discretionary power in determining the appropriateness of equitable tolling. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

In his analysis, Judge Parker concluded that the present case does not warrant equitable tolling. He based this determination on the absence of legal representation or legal authority on the part of a petitioner that does not rise to the level of rare or exceptional circumstances required for equitable tolling and Petitioner failed to demonstrate diligent pursuit of his rights. [ECF No. 11] at 5-6.

Having conducted an independent de novo review of the record, this Court concurs with Judge Parker's assessment. The circumstances presented do not meet the high threshold for equitable tolling. Consequently, this Court affirms the fact that Petitioner was obligated to file his Petition no later than May 14, 2020.

After careful review of the record, this Court finds that Petitioner submitted his Petition on October 4, 2023. While statutory tolling extended the original deadline, the adjusted filing date of May 14, 2020, had long since passed. Petitioner's

6

submission occurred more than three years after this extended deadline.

The Court acknowledges the application of statutory tolling in this case. However, the Court concurs with the determination that the circumstances do not warrant equitable tolling.

Given the substantial delay of over three years beyond the statutorily tolled deadline, and in the absence of any exceptional circumstances that would justify such an extension, this Court finds no compelling reason to further extend the filing period. Petitioner has not presented arguments or evidence that would warrant such an extraordinary departure from established procedural timelines.

C. Petitioner Failed to Timely File his Objections

Even with the "prison mailbox rule" Petitioner failed to submit a timely written Objection to the Report. The Magistrate Judge signed and entered the Report on May 20, 2024 [ECF No. 11]. Under Local Uniform Civil Rule 72(a)(3), Petitioner had fourteen days from that date, or until June 3, 2024, to file written objections. 28 U.S.C. § 636; see also Fed. R. Civ. P. 72(b). Under Rule 6(d) of the Federal Rules of Civil Procedure, courts are to give a party an additional three days when service is made by mail, as is the case here. Fed. R. Civ. P. 6(d). This extended Petitioner's deadline for filing until June 6, 2024. But Petitioner

7

did not sign his Objection [ECF No. 12] until June 10, 2024, seven (7) days after the Objection deadline and four (4) days after the deadline pursuant to Rule 6(d).[2]

Because Petitioner's Objections [ECF No. 12] are untimely, the Court need not engage in a de novo review of the Report [ECF No. 11] and may apply the "clearly erroneous, abuse of discretion, and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

Having conducted this review, the Court concludes that the Report is neither clearly erroneous nor contrary to the law. The Court will therefore adopt the Magistrate Judge's Report as the opinion of this Court and dismiss the case with prejudice.

D. Even if the Objections Were Timely, They Would be Overruled

This Court finds that even if Petitioner's Objection [ECF No. 12] had met timeliness requirements, it would still warrant overruling. Petitioner primarily contests the Report's [ECF No. 11] conclusion regarding the insufficiency of his actual innocence claim to trigger equitable tolling of the statute of limitations.

The Supreme Court has established that a credible claim of actual innocence can toll the statute of limitations for habeas

---

[2] Under the "prison mailbox rule," "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir.1993).

claims. McQuiggin v. Perkins, 569 U.S. 383 (2013). To present a credible gateway claim based on actual innocence, a petitioner must: (1) present "new reliable evidence[,] whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[;]" (2) "that was not presented at trial[;]" and (3) show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 537-38 (2006).

In his Objections, Petitioner advances several arguments concerning his actual innocence claim, which can serve as a "gateway to federal habeas review" after the Section 2244(d)(1) statute of limitations has expired. McQuiggin, 569 U.S. 383, 386 (2013). However, this Court notes that Petitioner has largely reiterated arguments previously presented to and addressed by Judge Parker in the Report.

Petitioner offers four affidavits purportedly substantiating his location during the robbery. However, these documents predate both Petitioner's trial and the expiration of the one-year habeas petition deadline. Furthermore, as Judge Parker stated, despite the availability of these four witnesses at trial, "Petitioner chose to not call any witnesses and to withdraw his alibi instruction." [ECF No. 11] at 9.

It is worth noting that even if Petitioner had introduced these four witnesses' testimonies during the trial, their accounts would merely have introduced conflicting evidence for the jury to evaluate in terms of credibility. Such testimonial evidence falls short of the stringent standard required in habeas proceedings to conclusively demonstrate that no reasonable juror could have rendered a guilty verdict beyond a reasonable doubt.

The nature and timing of this evidence, coupled with Petitioner's strategic decisions during the trial, significantly undermine the potency of his actual innocence claim in the context of this habeas petition.

Petitioner also contests the accuracy of an eyewitness's description of the perpetrator provided to law enforcement, asserting that his appearance does not match the description. However, this Court notes that both the Mississippi Supreme Court and Judge Parker have previously addressed and resolved this issue. <u>Little</u>, So. 3d at 292.

The Court finds that this challenge, having been previously adjudicated, does not introduce new evidence or arguments that would substantiate Petitioner's claim of actual innocence. Revisiting previously settled matters does not meet the threshold for establishing a credible gateway claim based on actual innocence as outlined in <u>House</u>.

This Court concurs with the prior determinations and concludes that Petitioner's argument regarding the eyewitness description fails to advance his actual innocence claim in a manner sufficient to warrant further consideration in this habeas proceeding.

### E. Evidentiary Hearing

Petitioner seeks an evidentiary hearing, yet as Judge Parker observes, Petitioner fails to "explain which of his claims should be addressed during [the] hearing." [ECF No. 11] at 13.

The authority for a district court to conduct an evidentiary hearing is granted in 28 U.S.C. § 2254(e)(2). There are specific scenarios warranting such a hearing: the claim relies on a novel, retroactive constitutional rule that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), the claim is predicated on facts that, despite due diligence, could not have been discovered earlier 28 U.S.C. § 2254(e)(2)(A)(ii) and, the petitioner must demonstrate by clear and convincing evidence that, absent the alleged constitutional error, no reasonable jury would have rendered a guilty verdict, 28 U.S.C. § 2254(e)(2)(B).

This Court, having undertaken a comprehensive de novo review of the record, concurs with Judge Parker's assessment. Petitioner has not presented arguments or evidence that satisfy the stringent criteria outlined in § 2254(e)(2). The Court finds no basis to

11

diverge from Judge Parker's conclusion and determines that Petitioner has failed to make the requisite showing to warrant an evidentiary hearing in this matter.

### III. Conclusion

After conducting a de novo review of the Report [ECF No. 11], the Court agrees with Judge Parker's recommendation. Accordingly, the Report [ECF No. 11] is hereby ADOPTED. Respondent's motion is GRANTED, Petitioner Myron Little's Habeas Petition [ECF No. 1] is DISMISSED WITH PREJUDICE, and the Petitioner's Objections [ECF No. 12] are OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 8th day of July, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE